UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-10066-CIV-MARTINEZ/SANCHEZ

JAMES VIEGAS and KERI LYNN VIEGAS,

Plaintiffs,

v.

MARK H. JONES, *et al.*,

Defendants.
_______________________________________/

## OMNIBUS REPORT AND RECOMMENDATION

This matter is before the Court on five motions to dismiss (collectively the "Motions to Dismiss"):[1] (1) Defendants Kevin Madok and Shonta McLeod's Motion to Dismiss (ECF No. 7)[2]; (2) Defendants Kass Shuler P.A., Donna S. Glick, and Jennifer M. Scott's Motion to Dismiss Complaint (ECF No. 11); (3) Defendants Timothy Reedy, Lisa Reedy, and Ron Bilu's Motion to Dismiss Complaint (ECF No. 16); (4) Defendants Mark Jones ("Judge Jones") and Devonna Alce's (together, "the State Judiciary Defendants") Motion to Dismiss (ECF No. 17)[3]; and (5) Defendant First Horizon Bank's Motion to Dismiss Complaint (ECF No. 18). This Report and Recommendation additionally addresses Plaintiffs' motions for summary judgment (ECF Nos. 27, 41) and Plaintiffs' motion for leave to file an amended complaint and to lift the stay in this case

---

[1] The Honorable Jose E. Martinez, District Judge, referred this case to the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. ECF No. 49.

[2] Defendant Kevin Madok is the Clerk of the Circuit Court and Comptroller for Monroe County, and Defendant Shonta McLeod is a deputy clerk employed by Madok. *See* ECF No. 7 at 2; ECF No. 1 at 2.

[3] Judge Mark Jones is a Circuit Judge in the State of Florida, and Defendant Devonna Alce is a judicial assistant. *See* ECF No. 17 at 1; ECF No. 1 at 2.

(ECF No. 56). Following a careful review of the complaint (ECF No. 1), the Motions to Dismiss, Plaintiffs' responses to the Motions to Dismiss (ECF Nos. 12, 15, 20, 22, 23, 25, 29, 35, & 37), Defendants' replies (ECF Nos. 24, 31, 32), the parties' filings concerning Plaintiffs' motions for summary judgment and Plaintiffs' motion for leave to file an amended complaint and to lift the stay in this case, the pertinent portions of the record, and the applicable law, and the undersigned being otherwise duly advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Motions to Dismiss, ECF Nos. 7, 11, 16, 17, & 18, be **GRANTED IN PART**, as explained below, that Plaintiffs' motions for summary judgment, ECF Nos. 27 & 41, be **DENIED WITHOUT PREJUDICE**, that Plaintiffs be given leave to file an amended complaint, and that the stay in this case be lifted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2023, Plaintiffs, proceeding *pro se*, filed a five-page complaint against several parties involved in the foreclosure, foreclosure sale, and issuance of a writ of possession in a state court foreclosure proceeding in which a judgment of foreclosure was entered against Plaintiffs (the "Foreclosure Proceeding"). *See* ECF No. 1 at 4-5 (citing to *First Horizon Bank v. Viegas*, No. 22-CA-000116-M (Fla. 16th Cir. Ct.)). Plaintiffs purport to bring claims pursuant to 18 U.S.C. §§ 241, 242, 1621, 3571; 28 U.S.C. § 3002(15); 42 U.S.C. § 1983; 8 U.S.C. § 1182(f); Executive Order 13818; the Fourth Amendment; and the Fifth Amendment. ECF No. 1 at 4. The complaint contains a "Statement of Claim" that alleges the following:

> Each defendant colluded to deprive the plaintiffs their due process according to the 4th and 5th Amendment rights regarding CASE 22CA000116M [the Foreclosure Proceeding] in Monroe County Florida. Each defendant colluded to obtain private property without consent. Each plaintiff has been harmed by human trafficking and by mental anguish regarding the coordinated effort to remove private property entailing coercion. This process began June 15, 2022 and continues currently.

ECF No. 1 at 4. As relief, Plaintiffs seek millions of dollars in monetary damages from Defendants.

*Id.* at 5.

Defendants move to dismiss the complaint on several grounds: all Defendants argue that the complaint fails to state a claim, *see* ECF No. 7 at 2-6; ECF No. 11 at 5; ECF No. 16 at 6-9; ECF No. 17 at 12-14; ECF No. 18 at 5-6; multiple Defendants contend that the complaint is a shotgun pleading, *see* ECF No. 11 at 4-5; ECF No. 18 at 5-6; and the State Judiciary Defendants raise various other grounds for dismissal, including sovereign immunity, judicial immunity, the *Rooker-Feldman* and/or *Younger* doctrines, and lack of standing, *see* ECF No. 17. In response to the Motions to Dismiss, Plaintiffs filed numerous responses captioned as "affidavits"—sometimes more than one for each motion—that set forth new allegations describing the foreclosure, foreclosure sale, and issuance of a writ of possession. *See* ECF Nos. 12, 15, 20, 22, 23, 25, 29, 35, 37.[4] Subsequently, Judge Martinez stayed this case pending resolution of Defendants' Motions to Dismiss. *See* ECF No. 44.

## II. ANALYSIS

### A. Plaintiffs' Claims Against the State Judiciary Defendants Are Barred by Eleventh Amendment and Judicial Immunities.

Plaintiffs do not specify in their complaint whether they intend to bring claims against the State Judiciary Defendants in their official or individual capacities. *See generally* ECF No. 1. As discussed below, however, because the State Judiciary Defendants enjoy both Eleventh Amendment and judicial immunity, they cannot be sued in either capacity.

#### *i. Eleventh Amendment Immunity Bars Plaintiffs' Official Capacity Claims.*

The State Judiciary Defendants contend that they are entitled to sovereign immunity under the Eleventh Amendment. *See* ECF No. 17 at 4-6. The Eleventh Amendment provides: "The

[4] Upon the State Judiciary Defendants' reply to one such "affidavit," ECF No. 24, Plaintiffs filed another affidavit, seemingly as a sur-reply, without prior leave of the Court. *See* ECF No. 25.

Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In practice, the Eleventh Amendment "largely shields states from suit in federal courts without their consent," *Monroe v. Fort Valley State Univ.*, 93 F.4th 1269, 1275-76 (11th Cir. 2024) (quoting *United States ex rel. Lesinski v. S. Fla. Water Mgmt. Dist.*, 739 F.3d 598, 601 (11th Cir. 2014)), and also "prohibits suits against state officials where the state is, in fact, the real party in interest," *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). In other words, "[t]he Eleventh Amendment applies not only to the state, but to a defendant who acts as an 'arm of the state.'" *Kicklighter v. McIntosh Cnty. Bd. of Comm'rs*, 694 F. App'x 711, 714 (11th Cir. 2017) (citing *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)). However, state sovereign immunity does not apply where the state has waived, or where Congress has abrogated by legislation, state sovereign immunity. *See Stroud v. McIntosh*, 722 F.3d 1294, 1298 (11th Cir. 2013).

Here, Plaintiffs bring claims against the State Judiciary Defendants for conduct arising out of the Foreclosure Proceeding. *See, e.g.*, ECF No. 1 at 4 (alleging Plaintiffs' due process rights were violated "regarding" the Foreclosure Proceeding); ECF No. 22. Because the State Judiciary Defendants, *i.e.*, the Florida circuit court judge and judicial assistant assigned to the Foreclosure Proceeding, are state officials, they are considered "arms of the state for Eleventh Amendment purposes." *See Badillo v. Thorpe*, 158 F. App'x 208, 212-13 (11th Cir. 2005). Thus, insofar as Plaintiff brings claims against the State Judiciary Defendants in their official capacities, those claims are barred by Eleventh Amendment immunity. *See id.* at 213 (claims against Florida circuit court judge and court administrator officer barred by Eleventh Amendment immunity).

Plaintiffs contend, however, that Eleventh Amendment immunity does not apply to claims

arising under 42 U.S.C. § 1983 or 18 U.S.C. § 242. *See* ECF No. 25 at ¶ 3(i). While it is true that sovereign immunity does not apply where Congress has abrogated immunity or where the state has waived it, *see Stroud*, 722 F.3d at 1298, neither exception applies here. "Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983 or 18 U.S.C. § 242 . . . ." *Hurst v. City of Rehoboth Beach*, 288 F. App'x 20, 25 (3d Cir. 2008); *see also, e.g.*, *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) ("Congress has not abrogated eleventh amendment immunity in section 1983 cases."). Moreover, Plaintiffs have identified no other basis for the abrogation of Eleventh Amendment immunity, have not alleged or shown that the state waived its immunity, and have simply failed to identify any applicable waiver of sovereign immunity by the state. *See, e.g.*, ECF No. 1; ECF No. 22; ECF No. 25. Thus, "[n]otwithstanding [Plaintiffs'] passing reference to 42 U.S.C. § 1983" and 18 U.S.C. § 242, Plaintiffs have "not sufficiently pleaded a basis to show that any of the [immunity] exceptions apply here."[5] *Woodroffe v. Coffin*, No. 8:18-CV-3023-T-23CPT, 2019 WL 4718965, at *7 (M.D. Fla. June 27, 2019), *report and recommendation adopted*, 2019 WL 4694736 (M.D. Fla. Sept. 26, 2019).

[5] While a suit against state officials that seeks prospective injunctive or declaratory relief can still proceed under the *Ex parte Young* doctrine, *see Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219-20 (11th Cir. 2000), Plaintiffs seek only monetary relief, *see* ECF No. 1, and thus, the doctrine is inapplicable. In any event, the *Ex parte Young* doctrine is "focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). Because Plaintiffs seek retrospective compensatory relief for alleged harm that arose from the Foreclosure Proceeding, Plaintiffs have "fail[ed] to adequately demonstrate that the narrow exception under the *Ex parte Young* doctrine applies." *Sorhegui v. Park E. Home Owners Ass'n, Inc.*, No. 24-23162-CIV, 2025 WL 1047150, at *10 (S.D. Fla. Feb. 13, 2025), *report and recommendation adopted*, 2025 WL 926399 (S.D. Fla. Mar. 27, 2025); *see also, e.g.*, *Papasan*, 478 U.S. at 278 ("[C]ompensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." (quoting *Green v. Mansour,* 474 U.S. 64, 68 (1985))).

Because claims against the State Judiciary Defendants in their official capacities are barred by sovereign immunity and the Eleventh Amendment, those claims must be dismissed. Moreover, "[b]ecause the dismissals [are] based on sovereign immunity grounds, the jurisdictional nature of the dismissal requires it to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1008 (11th Cir. 2024) (vacating and remanding "for the limited purpose of allowing the district court to dismiss the case without prejudice"); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("[S]ince the district court did not have subject matter jurisdiction in this case, [the plaintiff's] complaint should have been dismissed without prejudice."). Accordingly, Plaintiffs' claims against the State Judiciary Defendants, that is, against Judge Jones and his judicial assistant, Devonna Alce, in their official capacities should be dismissed without prejudice.

***ii. Judicial Immunity and Quasi-Judicial Immunity Bar Plaintiffs' Individual Capacity Claims.***

The State Judiciary Defendants argue that they are entitled to judicial immunity. *See* ECF No. 17 at 8-9. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Judges are entitled to absolute judicial immunity . . . for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump*, 435 U.S. at 356).

Here, the only allegations relevant to Judge Jones—that he "mentally tormented" Plaintiffs and "colluded" with other Defendants regarding the Foreclosure Proceeding, ECF No. 1 at 4, 5—are conclusory, and in any event, do not establish any judicial acts taken in the "clear absence of

all jurisdiction." *See Bolin*, 225 F.3d at 1239. Accordingly, Judge Jones is entitled to judicial immunity for individual capacity claims against him. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5240239, at *3 (S.D. Fla. Jan. 17, 2017) ("There is no indication that [judge] was acting outside his judicial capacity, so judicial immunity applies."), *aff'd*, 760 F. App'x 810 (11th Cir. 2019).

Additionally, the Eleventh Circuit has held that judicial immunity also extends to other persons whose "official duties have an integral relationship with the judicial process" and who are acting within the scope of those duties. *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). Courts in this Circuit have therefore applied immunity to judicial assistants in such circumstances. *See, e.g.*, *Martinez v. Bank of Am., N.A.*, No. 6:25-CV-235-CEM-RMN, 2025 WL 2099416, at *3 n.2 (M.D. Fla. June 30, 2025) ("The doctrine of judicial immunity encompasses judicial assistants."), *report and recommendation adopted*, 2025 WL 2097338 (M.D. Fla. July 25, 2025); *Holton v. Sudzina*, No. 8:25-CV-1546-WFJ-CPT, 2026 WL 25186, at *1 (M.D. Fla. Jan. 5, 2026) (applying quasi-judicial immunity and dismissing claims where allegations concerned "judicial assistant's function as a secretary managing [a judge's] case management schedule by setting hearing dates and communicating with counsel concerning said dates"); *Dirden v. Benjamin Wade Gentry*, No. 3:23CV4689/RH/ZCB, 2024 WL 479216, at *4 (N.D. Fla. Jan. 19, 2024) (applying immunity to judicial assistant for "actions taken within the scope of her position as [judge's] assistant"), *report and recommendation adopted*, 2024 WL 476963 (N.D. Fla. Feb. 6, 2024).

Here, with respect to Defendant Alce (Judge Jones's judicial assistant), the conclusory allegation that she "colluded" with other Defendants, *see* ECF No. 1 at 4, does not identify any conduct by her regarding the Foreclosure Proceedings that is outside of the scope of her duties as a judicial assistant. And while new allegations raised by Plaintiffs in their responses to the Motions

to Dismiss need not be considered by the Court, *see, e.g.*, *Haynes v. Kohl's Dep't Stores, Inc.*, No. 17-CV-61083, 2017 WL 11716578, at *5 n.7 (S.D. Fla. Oct. 27, 2017) (declining to consider allegations raised only in response to motion to dismiss), those allegations simply make clear that the conduct for which Plaintiffs have sued Defendant Alce consists of actions taken by Defendant Alce in her capacity as a judicial assistant. *See, e.g.*, ECF No. 22 at ¶ 3(xiiii)-(xiv) (alleging that Defendant Alce stated that objections were given to Judge Jones for review and that she provided incorrect information about the time of a scheduled hearing). Accordingly, Defendant Alce is entitled to immunity from individual capacity claims asserted against her. *See, e.g.*, *Roland*, 19 F.3d at 555; *Holton*, 2026 WL 25186, at *1; *Nicholson v. Colbert*, No. CV424-067, 2024 WL 4800216, at *4 (S.D. Ga. Nov. 15, 2024) (concluding that judicial was assistant entitled to quasi-judicial immunity for claims involving communications about hearing and handling of evidence submitted by plaintiff), *report and recommendation adopted*, 2025 WL 73261 (S.D. Ga. Jan. 10, 2025).

Because Plaintiffs' claims against the State Judiciary Defendants in their individual capacities are barred by judicial immunity, those claims should be dismissed with prejudice. *See, e.g.*, *Tuggerson v. Tatti*, No. 25-10781, 2026 WL 822186, at *1 (11th Cir. Mar. 25, 2026); *Chua v. Ekonomou*, 1 F.4th 948, 957 (11th Cir. 2021) (remanding case to district court "with instructions to dismiss . . . claims with prejudice based on judicial immunity").

**B. Plaintiffs' Complaint Should Otherwise Be Dismissed as a Shotgun Complaint.**

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs must present each of their claims "in a separate numbered paragraph, with each paragraph 'limited as far as practicable to a single set of circumstances.'" *Embree v. Wyndham*

*Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (quoting Fed. R. Civ. P. 10(b) and citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *see* Fed. R. Civ. P. 10(b). "The opposite of a short and plain statement of the claim is what is known as a 'shotgun' pleading." *Kreiter v. Ocwen Loan Servicing, LLC*, Case No. 22-80101-CIV-SINGHAL, 2022 WL 225884, at *1 (S.D. Fla. Jan. 26, 2022). A shotgun pleading typically falls into one or more of four categories because it:

> (1) Contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree*, 779 F. App'x at 662 (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "In general, a shotgun pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* Moreover, such shotgun pleadings place a heavy burden on trial courts, waste judicial resources, and undermine public respect for the courts. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). It is no surprise, then, that "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc.*, 878 F.3d at 1295.

Here, Plaintiffs' complaint falls into multiple categories of shotgun pleading.[6] As an initial matter, while listing numerous constitutional provisions and federal statutes—the violations of

[6] While only some Defendants challenge the complaint as being a shotgun pleading, *see* ECF No. 11 at 5, ECF No. 18 at 5-6, a Court may properly raise the shotgun pleading issue *sua sponte*. *See Devine v. Rosencrance*, No. 22-CV-14411, 2023 WL 3819949, at *4 n.3 (S.D. Fla. May 16, 2023) ("Although not raised by Defendants, courts may *sua sponte* dismiss complaints on shotgun pleading grounds.") (citing *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018)), *report and recommendation adopted*, 2023 WL 3816763 (S.D. Fla. June 5, 2023).

which appear to form the bases for the causes of action that Plaintiffs seek to assert against Defendants—the complaint fails to separate each cause of action into separate counts, fails to specify which causes of action are directed at which Defendants, and fails to connect any of the sparse factual allegations to the listed causes of action.[7] *See* ECF No. 1 at 4-5. These defects alone warrant dismissal of the complaint as a shotgun pleading. *See, e.g.*, *Scott v. Scarborough*, No. 24-80935-CIV, 2024 WL 4579768, at *2 (S.D. Fla. Aug. 9, 2024) (dismissing complaint that failed to separate each claim into different counts and tie the allegations to particular causes of action as a shotgun pleading). Additionally, the complaint consists almost entirely of vague and conclusory facts that are not connected to particular claims or Defendants and that fail to provide each Defendant with fair notice of the claims against that Defendant. For instance, Plaintiffs broadly allege that "[e]ach defendant colluded" to deprive Plaintiffs of their due process and obtain private property. *See* ECF No. 1 at 4. But Plaintiffs never identify the conduct underlying the alleged "collusion"; never identify the acts or omissions attributable to each Defendant that were supposedly wrongful, amounted to "collusion," or gave rise to any claim listed in the complaint; never provide facts sufficient to give each Defendant adequate notice of the claims against him or

[7] Although the merits of the claims that Plaintiffs appear to be advancing are not addressed in this Report and Recommendation because the shotgun nature of Plaintiffs' complaint independently requires the complaint's dismissal, the undersigned notes that most of the statutes upon which the Plaintiffs rely in their complaint, *see* ECF No. 1 at 4, do not appear to create or support private causes of action. *See, e.g.*, *Adkins v. Benard*, No. 8:20-CV-2627-SDM-CPT, 2021 WL 11645461, at *5 (M.D. Fla. Nov. 30, 2021) (concluding, *inter alia*, that 28 U.S.C. § 3002 and 18 U.S.C. §§ 242, 1621, 3571 "do not appear to provide a private right of action"), *report and recommendation adopted*, 2021 WL 11645451 (M.D. Fla. Dec. 22, 2021); *Steven Macarthur-Brooks Est. v. Moreno*, No. 24-CV-24273, 2025 WL 30390, at *3-5 (S.D. Fla. Jan. 6, 2025) (concluding that 18 U.S.C. § 241 "doesn't create a private cause of action"); Exec. Order 13818, § 13, 82 Fed. Reg. 60839, 60842 ("This order . . . does not create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against . . . any other person."); *see also* 8 U.S.C. § 1182(f) (authorizing the President to suspend or impose restrictions upon the entry of aliens but containing no mention of a private cause of action against others).

her or the grounds for such claims; and simply do not furnish the Court with sufficient information to assess the viability of Plaintiffs' claims.

Accordingly, "[w]hile [the] complaint is short, it is nevertheless a shotgun pleading," *Skillings v. Bank of Am.*, NA, No. 1:13-CV-00030-SCJ, 2013 WL 12382780, at *4 (N.D. Ga. May 8, 2013), and "[e]ven with the latitude afforded to pro se pleadings, the [complaint] is due to be dismissed." *Scarborough*, 2024 WL 4579768, at *2. *See also, e.g.*, *Weiland*, 792 F.3d at 1323 (explaining that a complaint is a "shotgun pleading" where it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions"); *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) ("The group allegations of tortious interference constitute shotgun pleading because they fail to give any defendant fair notice of the allegations against it.").

Nonetheless, as the Eleventh Circuit has repeatedly explained, "'a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc))). Here, assuming that the Court concludes that Plaintiffs' complaint is a shotgun pleading, the Court will not reach the merits of Plaintiffs' claims, and, because the complaint contains a dearth of facts concerning Plaintiffs' specific claims against specific Defendants, it is near impossible at this time to determine whether a more carefully drafted complaint might potentially state a claim against one or more of the remaining Defendants, that is, those Defendants other than the State Judiciary Defendants who should be dismissed based on

immunity, *see supra* Section II.A. Moreover, Plaintiffs have already sought—albeit improperly—leave to amend their complaint. *See* ECF No. 56. Given these circumstances, the undersigned recommends that Plaintiffs be given an opportunity to amend their complaint to address the deficiencies identified in this Report and Recommendation and in the Motions to Dismiss.[8]

**C. Plaintiff's Motions for Summary Judgment, Which Are <u>Premature and Procedurally Deficient, Should Be Denied as Moot.</u>**

Turning to Plaintiffs' motions for summary judgment, *see* ECF Nos. 27 & 41, because the claims asserted in Plaintiffs' complaint are due to be dismissed, *see supra* Sections II.A to II.B, Plaintiffs' motions for summary judgment should be denied as moot. *See, e.g.*, *Hodges v. United States*, No. 3:09-CV-89 (CDL), 2010 WL 554697, at *1 & n.1 (M.D. Ga. Feb. 10, 2010) (concluding that plaintiff's motion for summary judgment was "moot in light of the dismissal of Plaintiff's Complaint"); *Hargrove v. Atlanta Luxury Motorcars*, No. 1:21-CV-04309-ELR, 2021

[8] Although the undersigned recommends that Plaintiffs be given leave to amend their complaint, the undersigned otherwise recommends that Plaintiffs' motion for leave to file amended complaint, ECF No. 56 at 5-6, be denied. First, Plaintiffs filed that motion in violation of the Court's stay, and that alone warrants that the motion be denied. Second, although Plaintiffs' stay-violative motion seeks to file an attached Proposed First Amended Complaint, *see* ECF No. 56-1, that proposed first amended complaint was submitted by Plaintiffs without an opportunity to consider the Court's ruling on the Motions to Dismiss and the identified deficiencies with Plaintiffs' shotgun pleading, many of which appear to have been carried forward in the Proposed First Amended Complaint submitted at ECF No. 56-1. The undersigned additionally notes that the Proposed First Amended Complaint appears to improperly seek federal review of state foreclosure proceedings in violation of the *Rooker-Feldman* doctrine, which precludes federal courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), including when plaintiffs—"however they framed [their] federal action"—are "challenging state-foreclosure judgments," *see Hollis v. Deutsche Bank Nat'l Tr. Co.*, No. 26-CV-23301, 2026 WL 1805916, at *3 (S.D. Fla. June 3, 2026) (collecting cases), *report and recommendation adopted*, 2026 WL 1803182 (S.D. Fla. June 23, 2026). Accordingly, the undersigned recommends that the Court deny Plaintiffs' motion to file the Proposed First Amended Complaint found at ECF No. 56-1, and instead allow Plaintiffs the option to either file the Proposed First Amended Complaint or file an alternate amended complaint addressing the Court's ruling on the Motions to Dismiss.

WL 5814253, at *1 (N.D. Ga. Nov. 15, 2021) ("In light of the Court's below ruling adopting the R&R and dismissing without prejudice Plaintiff's Complaint, the Court denies Plaintiff's motion for summary judgment as moot.").

Plaintiffs' summary judgment motions are additionally premature and procedurally deficient. The Court stayed this case while Defendants' Motions to Dismiss were pending and before discovery took place. *See* ECF No. 44. Accordingly, because Defendants have "not [been] provided a reasonable opportunity to discover information essential to [their] opposition" to Plaintiffs' summary judgment requests, summary judgment "is premature" at this juncture. *See Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see also, e.g.*, *Anderson v. City of Daytona Beach Mun.*, No. 6:22-CV-1417-CEM-LHP, 2022 WL 14644701, at *1 (M.D. Fla. Oct. 25, 2022) ("[I]nsofar as Plaintiff seeks summary judgment, that request is premature, as discovery has yet to commence."). Moreover, both of Plaintiffs' summary judgment motions suffer from deficiencies that independently warrant their denial. With respect to the first motion, ECF No. 27, Plaintiffs failed to contemporaneously file any statement of material facts in violation of Local Rule 56.1's requirement that a summary judgment motion "be accompanied by a separate and contemporaneously filed and served Statement of Material Facts." *See* S.D. Fla. L.R. 56.1(a)(1). While Plaintiffs' second summary judgment motion, ECF No. 41, is accompanied by a Statement of Undisputed Material Facts, *see* ECF No. 42, the second motion (i) does not "incorporate a memorandum of law citing supporting authorities," as required by Local Rule 7.1, *see* S.D. Fla. L.R. 7.1(a)(1); (ii) the only argument within the second motion—that "the material facts are not in dispute, all affidavits of truth and fact are un-rebutted, and Plaintiffs are entitled to judgment as a matter of law," *see* ECF No. 41 at 1—is entirely conclusory and thus "insufficient to demonstrate that no genuine issue of fact exists," *Puldon v. Am. Med. Sys., Inc.*, No. 20-60411-CIV, 2020 WL

6870864, at *5 (S.D. Fla. Oct. 29, 2020); and (iii) the paragraphs within the Statement of Undisputed Material Facts, ECF No. 42, accompanying the motion are not "limited as far as practicable to a single material fact" and are only supported by "general citation[s] to . . . exhibit[s] without . . . page number[s] or pincite[s]," therefore failing to comply with Local Rule 56.1, *see* S.D. Fla. L.R. 56.1(b)(1)(B). In sum, beyond being moot, Plaintiffs' summary judgment motions warrant denial because they are premature and procedurally deficient.

## III. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Motions to Dismiss, ECF Nos. 7, 11, 16, 17, & 18, be **GRANTED IN PART** as follows:

(1) Plaintiffs' claims against Defendants Mark Jones and Devonna Alce in their official capacities should be **DISMISSED WITHOUT PREJUDICE** based on sovereign immunity and the Court's resulting lack of subject matter jurisdiction;

(2) Plaintiffs' claims against Defendants Mark Jones and Devonna Alce in their individual capacities should be **DISMISSED WITH PREJUDICE** as barred by judicial and quasi-judicial immunity; and

(3) Plaintiffs' claims against the remaining Defendants should be **DISMISSED WITHOUT PREJUDICE** and Plaintiffs should be given leave to amend their complaint to remedy the deficiencies identified in this Report and Recommendation and in the Motions to Dismiss, but Plaintiffs' motion for leave to file amended complaint, *see* ECF No. 56 at 5-6, should otherwise be **DENIED**.

The undersigned further **RECOMMENDS** that Plaintiffs' motions for summary judgment, ECF Nos. 27 & 41, be **DENIED WITHOUT PREJUDICE** as **MOOT**, that Plaintiffs' motion to lift the stay in this case, ECF No. 56 at 8-9, be **GRANTED**, and that the stay in this case be lifted, in

accordance with the terms of that stay, *see* ECF No. 44 at 2, upon the Court's resolution of the Motions to Dismiss, ECF Nos. 7, 11, 16, 17, & 18.

Within fourteen (14) days from the date of this Report and Recommendation, that is, **by no later than September 14, 2026**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 31st day of August 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
Counsel of Record
James Viegas and Keri Lynn Viegas, *pro se*